```
                     UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE
```

Geraldine Spencer,
     Plaintiff

    v.                                                                 Civil No. 03-cv-424-SM
                                                                   Opinion No. 2005 DNH 156

Linda Flynn and
Daniel Ballargeon,
     Defendants

## O R D E R

This case consists of Geraldine Spencer's claim, filed under 42 U.S.C. § 1983, that her Eighth Amendment right to be free from cruel and unusual punishment was violated by Linda Flynn's and Daniel Ballargeon's deliberate indifference to her serious mental health needs during her incarceration in the New Hampshire State Prison for Women.  Defendants move for summary judgment on both procedural and substantive grounds.  Plaintiff has not objected. Because the factual record is undisputed, and defendants are entitled to judgment as a matter of law, their motion for summary judgment is granted.

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party

is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When ruling on a party's motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. See Lee-Crespo v. Schering-Plough Del Caribe Inc., 354 F.3d 34, 37 (1st Cir. 2003) (citing Rivera v. P.R. Aqueduct & Sewers Auth., 331 F.3d 183, 185 (1st Cir. 2003)).

Defendants are entitled to summary judgment on procedural grounds, under the doctrine of res judicata. Based upon the affidavits from attorneys Michael Brown and Orville Fitch describing the hearings in plaintiffs' two state court cases (Defs.' Mot. Summ. J., Exs. F and I), it is clear that Ms. Spencer has previously litigated the mental health treatment issues raised in this case in the state courts and, consequently, is barred from doing so again.

Moreover, even if Spencer's claim was not procedurally barred, defendants would be entitled to summary judgment on the merits. They have produced medical records, unchallenged by plaintiff, demonstrating a level of attention to her serious

mental health needs that easily surpasses the requirements of Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Among other things, those records include thirteen pages of mental health notes which include fifteen separate entries, from February 6, 2004, through May 28, 2004.  These treatment records effectively refute Spencer's claim that her mental health issues went untreated.  Regarding Spencer's claim that the medication prescribed for her depression was inappropriate, Linda Flynn's affidavit explains the rationale behind the shift from Paxil to Zoloft, with Spencer's informed consent.  Plaintiff, by failing to respond to defendants' summary judgment motion, has failed to create a triable issue of material fact on that issue.  Based upon the undisputed factual record, Spencer's Eighth Amendment rights were not violated by the mental health care she received from defendants.

    For the reasons given, defendants' motion for summary judgment (document no. 29) is granted.  The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 18, 2005

cc:  Geraldine Spencer, pro se
     Nancy J. Smith, Esq.